### FEDER v. DE YONGH.

#### (Circuit Court, S. D. New York. November 21, 1900.)

1. PATENTS—ANTICIPATION—PRIOR KNOWLEDGE.
   To defeat a patent on the ground that the device was known in this country prior to the date of the alleged invention by the patentee, the evidence of such knowledge must be clear.
2. SAME—SKIRT PROTECTORS.
   The Feder patent, No. 553,707, for a skirt protector, was not anticipated, and is valid.

In Equity. Suit for infringement of patent. On final hearing.

Edwin H. Brown, for plaintiff.
Norbert Heinsheimer, for defendant.

WHEELER, District Judge. This suit is brought upon patent No. 553,707, dated January 28, 1896, and granted to the plaintiff,

for a skirt protector. The invention is well described in the claim, which is for:

"A skirt protector, consisting of a fabric composed of a plurality of series of folded bunches of threads, forming the weft of the fabric, and having the bights of the folds of one series further from the edge of the fabric than the bights of the folds of another series from that same edge, and warp threads interwoven with the said folded bunches, leaving the free ends of the bunches extended beyond the edge of the fabric to form a brush, substantially as set forth."

The plaintiff's evidence takes the date of his invention back to the late summer of 1894. At that time there were dress trimmings of similar weave, the nearest of which to this invention, according to the cross-examination of the defendant's expert, are those shown on Hensel sample card, Exhibit 8, and none of which could be used as they were for a skirt protector. None of them appear to be any anticipation of this invention of a new skirt protector. Some samples of a skirt protector made according to the Vorwerk British patent, applied for August 2, 1894, appear to have arrived in this country and to have reached the defendant in the early fall of 1894. If they reached the defendant so as to become known in this country before the plaintiff's invention, they appear to be enough like it to have that knowledge of them here anticipate it. That patent was not published or accepted till long into the next year, so that it, of itself, would not affect the plaintiff's patent. The turning question seems to be whether in fact those samples became known here before this invention was made. The extremes of the testimony of the witnesses on opposite sides of this question somewhat interlock as to time, and do not seem to be wholly reconcilable. But clear precedence, in time, of knowledge of the samples in this country, over the invention, is necessary to overcome the presumptions of the patent so as to defeat it. That clear precedence does not appear to be made out. Decree for plaintiff.